IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

JEFFREY TROY BARRON, )
)
      Plaintiff, ) Case No. 05-1836-KI
)
vs. ) OPINION AND ORDER
)
J. R. FURNITURE USA, INC., an )
unregistered foreign corporation, )
)
      Defendant. )

  Glenn Solomon
  2125 S. W. Fourth Avenue, #600
  Portland, Oregon  97201

      Attorney for Plaintiff

  Douglas S. Parker
  Barbara A. Jacobson
  Preston Gates & Ellis, LLP
  222 S. W. Columbia Street, Suite 1400
  Portland, Oregon  97201-6632

      Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Jeffrey Troy Barron brought an employment discrimination case against defendant J.R. Furniture USA, Inc. in Multnomah County Circuit Court and defendant removed it to this Court. Before me is plaintiff's Motion to Remand (#6).

## LEGAL STANDARDS

A civil action brought in state court may be removed by the defendant to the federal district court if the district court has original jurisdiction over the action, that is, if the action could have been brought first in the district court. 28 U.S.C. § 1441(a).

In a diversity action, if the plaintiff's complaint does not specify damages, or specifies damages in an amount less than the jurisdictional minimum, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. See Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403-04 (9th Cir. 1996). Federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989) (citation omitted). Any doubt as to the right of removal is resolved in favor of remand. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

Plaintiff points out in his Motion to Remand that the demand in the Complaint is for $65,000, which is less than the $75,000 required to support diversity jurisdiction under 28 U.S.C. § 1332. However, defendant asserts that in settlement discussions with plaintiff's counsel, plaintiff's counsel disclosed that plaintiff was unwilling to settle for any amount less than "six figures," and that plaintiff's counsel would be willing to present an offer of $500,000 to his

Page 2 - OPINION AND ORDER

client. Jacobson Aff. in Support of Removal, at 2. In addition, plaintiff's counsel explained that he set the demand in the complaint so low in order to avoid having the case removed to federal court. Plaintiff does not deny that this conversation took place, nor does he dispute defendant's version; he argues only that it is not relevant or admissible for purposes of determining whether the federal minimum jurisdictional amount has been met.

In Cohn v. Petsmart, Inc., 281 F.3d 837, 840 (9th Cir. 2002), the Ninth Circuit accepted the district court's use of a written settlement offer to value the plaintiff's claim, thereby rejecting the argument that such use was in violation of Federal Rule of Evidence 408. Accordingly, a court may rely on a settlement letter in determining the amount in controversy if the letter "appears to reflect a reasonable estimate of the plaintiff's claim." Id. at 839-40.

Defendant asks me to extend Cohn's holding to oral settlement offers. I would be leery of doing so if plaintiff disputed his reported statements. However, not only does plaintiff appear to concede that he made the statements, he has also offered no evidence that the settlement offer was inflated or otherwise unreliable. Therefore, I find that defendant has shown by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional minimum.

## CONCLUSION

Based on the foregoing, plaintiff's Motion to Remand (#6) is denied.

IT IS SO ORDERED.

Dated this ___19th___ day of January, 2006.

                                      /s/ Garr M. King
                                      Garr M. King
                                      United States District Judge